IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COREY D. PHILLIPS, (TDCJ #1134537) | § § § |
| Petitioner, | § § |
| v. | § CIVIL ACTION NO. H-18-2363 |
| LORIE DAVIS, | § § § |
| Respondent. | § § |

**MEMORANDUM AND ORDER**

Texas state inmate Corey D. Phillips filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2002 state-court conviction for capital murder. (Docket Entry No. 1). The respondent, Lorie Davis, moves for summary judgment on the grounds that the claims fail to state an actionable basis for federal habeas relief, or that the petition is barred by the one-year statute of limitations. (Docket Entry No. 13). Phillips objected, (Docket Entry No. 16), and moved for an evidentiary hearing and the appointment of counsel. (Docket Entry No. 17).

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

**I.     Background and Claims**

Phillips was indicted for the felony offense of capital murder in the 178th District Court of Harris County, Texas (Cause No. 856244). A jury found Phillips guilty and, in October 2002, the court sentenced Phillips to life imprisonment.

The Fourteenth Court of Appeals of Texas affirmed Phillips's conviction and sentence in March 2004. *Phillips v. State*, No. 14-02-01178-CR, 2004 WL 438613 (Tex. App.—Houston

[14th Dist.] March 11, 2004, no pet.). Phillips did not seek discretionary review. In September 2005, Phillips filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, challenging his conviction. *Ex parte Phillips*, Application No. WR-64,950-01. The Texas Court of Criminal Appeals denied the application in December 2006, without a hearing or written order, on the findings of the trial court. *Id.* In February 2013, Phillips filed a second state habeas application, which was dismissed as subsequent in July 2013. *Ex parte Phillips*, Application No. WR-64,950-02. In December 2017, Phillips filed a third state habeas application, which was dismissed as noncompliant in May 2018. *Ex parte Phillips*, Application No. WR-64,950-04.

Phillips filed this federal petition in July 2018. Phillips alleges that the Texas Court of Criminal Appeals violated his right to due process because the court refused to acknowledge his compliance with Texas Rule of Appellate Procedure 73.1 during his state habeas proceedings, and because the court entered and ruled on a petition for a writ of mandamus, which Phillips never filed. (Docket Entry No. 1, at 6).

The threshold issue is whether Phillips has stated an actionable basis for federal habeas relief.

## II.    The Legal Standard

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal

Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Anderson*, 477 U.S. at 254. The court applies general summary judgment standards to the extent they do not conflict with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Phillips is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). The court broadly interprets Phillips's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. Phillips Fails to State an Actionable Basis for Federal Habeas Relief.

"[I]nfirmities" or errors that occur during state collateral review proceedings "do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (citations omitted). A habeas petitioner must demonstrate federal "constitutional error at the trial or direct review" before a federal court may issue the writ. *Morris*, 186 F.3d at 585 n.6. Phillips's dissatisfaction with the state collateral review proceedings, as opposed to the state court's findings, conclusions, and determinations, provides no basis for federal habeas relief.

The motions for an evidentiary hearing and appointment of counsel, (Docket Entry No. 17), are denied as moot. The respondent's motion for summary judgment, (Docket Entry No. 13),

is granted. The petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice. Any remaining pending motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Phillips stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on May 15, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

4